UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CAROLYN M. JONES, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 4:20 CV 1042 MTS |
| | ) | |
| DECA REALTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Carolyn M. Jones,[1] for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, this action will be dismissed pursuant to 28 U.S.C.§ 1915(e)(2)(B).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[1]Although there are two named plaintiffs in this action, Carolyn M. Jones and Sharron M. Williams, only plaintiff Jones has signed the motion to proceed in forma pauperis. Plaintiff Jones is the duly appointed guardian of plaintiff Williams, as shown in the exhibits supporting the amended complaint. The Court takes judicial notice of these exhibits pursuant to Fed.R.Civ.P.10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Pursuant to Federal Rule of Civil Procedure 17(c), Carolyn M. Jones is the real party in interest in this action. The Court will address this more *infra*.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Amended Complaint

On August 7, 2020, plaintiff Carolyn Jones and her daughter, Sharron Williams, filed the instant action seeking damages from defendants Lee Rogers and Joe Young of Deca Realty and Bedrock Holdings LLC.

On September 10, 2020, plaintiff Jones filed an amended pleading against Lee Rogers, John Compton, Bedrock Holdings, LLC and Deca Realty. Attached to plaintiff Jones' amended

complaint is eighty-one (81) pages of emails, medical records and receipts purportedly related to the present action.

Plaintiff Jones asserts that sometime in 2020, she rented an apartment from Deca Realty Company at 8660 Kathly Drive in Berkley, Missouri. Plaintiff Jones alleges that at the end of June 2020[2], her asthma began to worsen, and she attributed this worsening to "mold spores" in the air ducts of the apartment they rented from Deca Realty and Bedrock Holdings, LLC. Plaintiff Jones asserts that the spores were verified by the St. Louis County Health Department, although she has not provided the receipt of the testing that was purportedly performed by the Health Department.

Plaintiff Jones states that as a result of the spore count, she suffered headaches, muscle aches and difficulty breathing. She sought remediation of the spores from the ductwork from the property manager at Deca Realty, Jim Young, as well as Lee Rogers and John Compton, who were employed by Bedrock Holdings, LLC.[3] Specifically, plaintiff Jones sought to hire her own duct cleaning and sanitation service and charge those services to Deca Realty.

Deca Realty, however, hired a duct cleaning service on their own to remediate the mold, which plaintiff Jones objected to because the service did not contain what she believed to be "sanitation services." Within the month of July 2020, plaintiff Jones again requested that defendants properly sanitize the duct work. Plaintiff Jones claimed that it was during this time period she and her daughter had to stay in a hotel "multiple times" to alleviate her asthma symptoms. She also claims she had to be placed on oral steroids, breathing treatments, and inhalers to treat her worsening asthma. Plaintiff Jones has attached medical records relating to her asthma condition.

---

[2]The Court has taken this date from the emails attached to plaintiff Jones' amended complaint. The first email to request duct cleaning services from Deca Realty is dated June 29, 2020.
[3]Plaintiff Jones has not alleged the relationship between Deca Realty and Bedrock Holdings, LLC.

A review of the exhibits indicate that at this point, plaintiff Jones engaged the services of the St. Louis Equal Housing Opportunity to see if they could assist her in reaching an agreement with defendants relating to the sanitation services on the ductwork, as well as her out of pocket costs for the hotel stays. Defendants refused to pay for the hotel stays, but did offer to have the ductwork cleaned again, as well as sanitized in August of 2020. Plaintiff Jones moved out on August 15, 2020.

According to the documents provided by plaintiff Jones, defendants allowed plaintiff to leave the lease early, provided plaintiff Jones $750 in moving expenses, and returned the $775 security deposit.

A review of the Civil Complaint Form attached to the amended complaint indicates that plaintiff Jones has marked the "nature of suit" of this action as a tort of personal injury. She has also indicated that she believes defendants have violated the "Disability Act" and provided an "Unhealthy Resedency." [sic]

Plaintiff Jones seeks damages in the instant action for "pain and suffering," "reimbursement" for use of a U-Haul, "hotel stays," and loss of furniture. Plaintiff Jones estimates these damages to be approximately $200,000.

## Discussion

### A.  Real Party in Interest

Under the Federal Rules of Civil Procedure, Rule 17(a) provides that an "action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). "The real party in interest is a party who, under governing substantive law, possesses the rights to be enforced." *Consul Gen. of Republic of Indonesia v. Bill's Rentals, Inc.*, 330 F.3d 1041, 1045 (8th Cir. 2003). *See also Cascades Dev. of Minnesota, LLC v. Nat'l Specialty Ins.*, 675 F.3d 1095, 1098 (8th Cir.

2012). The purpose of Rule 17(a) "is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." *Curtis Lumber Co., Inc. v. Louisiana Pac. Corp.*, 618 F.3d 762, 771 (8th Cir. 2010). As such, the party bringing an action must actually possess, under the substantive law, the right sought to be enforced. *United HealthCare Corp. v. American Trade Ins. Co., Ltd.*, 88 F.3d 563, 569 (8th Cir. 1996).

Here, the bulk of plaintiff Jones' "Statement of Claim" relates to her attempts to correspond with her rental company relating to the purported mold spores in her housing unit. Although her daughter, Sharron Williams, lived with her in the rental unit, she is the legal guardian of her daughter and has the right to pursue claims on her daughter's behalf. Thus, in this case, plaintiff Jones is the real party in interest.

### B.  Failure to State a Claim Under the Fair Housing Act

In the Civil Complaint Form plaintiff Jones stated that she believes defendants violated that "Disability Act." However, she has not articulated the exact federal statute under which her cause of action arises. There are four federal housing statutes relating to disability discrimination that this Court is aware of, yet there is no indication that any of the aforementioned apply to the allegations in the present lawsuit.

The Fair Housing Act (FHA) makes it unlawful to discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, on the basis of race, color, religion, sex, familial status, national origin, or handicap. 42 U.S.C. § 3604(b), (f); *see also Gallagher v. Magner*, 619 F.3d 823, 831 (8th Cir. 2010); *Khan v. City of Minneapolis*, 922 F.3d 872, 873 (8th Cir. 2019) (stating that the FHA is "a federal law that generally prohibits making unavailable or denying a dwelling because of a

person's race, color, religion, sex, familial status, or national origin"). A tenant subjected to discrimination in violation of the FHA can bring a private cause of action for damages. *See Neudecker v. Boisclair Corp.*, 351 F.3d 361, 363 (8th Cir. 2003). However, the party asserting a housing discrimination claim under the FHA has the initial burden of proving a prima facie case of discrimination by a preponderance of the evidence. *See Radecki v. Joura*, 114 F.3d 115, 116 (8th Cir. 1997).

Here, plaintiff Jones has not alleged in the amended complaint that defendants discriminated against her on the basis of a disability. Indeed, plaintiff Jones has not even indicated the category upon which she was purportedly discriminated, much less provided any detail as to how she was purportedly blocked or impeded from housing on this basis. *See Johnson v. Precythe*, 901 F.3d 973, 977 (8th Cir. 2018) (stating that "[a] pleading must offer more than labels and conclusions or a formulaic recitation of the elements of a cause of action to state a plausible claim for relief"). Instead, the amended complaint reads as a landlord-tenant dispute about the proper cleaning and sanitizing of ductwork. Plaintiff Jones has not set forth a disability discrimination claim under the FHA.

### C. Failure to State a Claim Under the Rehabilitation Act

Plaintiff Jones has also failed to set forth a disability discrimination claim under § 504 of the Rehabilitation Act. Congress enacted the Rehabilitation Act of 1973 (RA) as a comprehensive federal program, similar to the Americans with Disabilities Act, meant to ensure that individuals with disabilities would not be denied benefits from or be subjected to discrimination under any program or activity that receives federal funding. *Argenyi v. Creighton Univ.*, 703 F.3d 441, 448 (8th Cir. 2013). The RA provides, in relevant part, "that no otherwise qualified individual with a disability in the United States shall, solely by reason of her or his disability, be excluded from the

6

participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." *Wojewski v. Rapid City Reg'l Hosp., Inc.*, 450 F.3d 338, 344 (8ᵗʰ Cir. 2006).

To establish a prima facie case under the RA, a plaintiff is required to show three things: (1) that he or she is a qualified individual with a disability; (2) that he or she was denied the benefits of a program or activity of a public entity that receives federal funds; and (3) that he or she was discriminated against based on his or her disability. *Estate of Barnwell by and through Barnwell v. Watson*, 880 F.3d 998, 1004 (8ᵗʰ Cir. 2018). "A qualified individual with a disability is broadly defined as any person who meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." *Gorman v. Bartch*, 152 F.3d 907, 912 (8ᵗʰ Cir. 1998). While disability is broadly defined, the RA "imposes a requirement that a person's disability serve as the *sole* impetus for a defendant's adverse action against the plaintiff." *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1029 n. 5 (8ᵗʰ Cir. 1999) (emphasis in original).

Here, plaintiff Jones has not properly alleged in the amended complaint that she is a qualified individual with a disability and that she was housed in a defendant property that received federal funds and discriminated against because of that disability. Although plaintiff Jones states that she is the duly appointed guardian of plaintiff Williams, she has not alleged that plaintiff Williams is "disabled," and she does not provide the nature of plaintiff Williams' alleged disability; meanwhile, plaintiff Jones claims no disability herself.

Furthermore, neither plaintiff has alleged nor purported that they were discriminated against on the basis of an alleged disability. Instead, as noted above, the Statement of Claim broadly asserts that defendants failed to properly sanitize the ductwork which purportedly

contained mold spores, and that this failure to sanitize caused plaintiffs to move out of their apartment for short time periods, and then for good.

Additionally, plaintiff Jones has not stated that they believe that defendants acted with discriminatory intent as a result of their alleged disabilities. Finally, plaintiffs have not alleged facts showing that they were "denied the benefits of a program or activity of a public entity that receives federal funds." Therefore, for these reasons, plaintiff has not stated a claim under the RA.

### D.  Failure to State a Claim under the Americans with Disabilities Act

Plaintiff Jones has also failed to assert a claim for relief under Title II of the Americans with Disabilities Act (ADA). Under the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Power v. Univ. of North Dakota Sch. of Law*, 954 F.3d 1047, 1052 (8th Cir. 2020) (quoting 42 U.S.C. § 12132). *See also I.Z.M. v. Rosemount-Apple Valley-Eagan Pub. Sch.*, 863 F.3d 966, 972 (8th Cir. 2017) (stating that Title II of the Americans With Disabilities Act prohibits public entities from discrimination based on disability in services, programs, or activities).

Pursuant to statute, "public entity" is defined as "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation." 42 U.S.C. § 12131. To state a prima facie ADA claim, a plaintiff is required to demonstrate that "1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability." *Randolph v. Rogers*, 170 F.3d 850, 858 (8th Cir. 1999).

Here, as discussed above, plaintiffs' "Statement of Claim" does not establish that either plaintiff had a disability as defined by statute. Plaintiff Jones has also failed to present facts showing that she was excluded from a benefit due to disability discrimination. Finally, plaintiff has failed to allege that defendants qualify as a "public entity." Therefore, plaintiff's claims under Title II of the ADA fail as a matter of law.

### E.  The Court Declines to Exercise Supplemental Jurisdiction

As noted above, plaintiff has marked "personal injury" on her Civil Complaint Form. All of plaintiff's claims premised upon federal law are subject to dismissal. To the extent plaintiff Jones is seeking to invoke this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over state law tort claims, the Court declines to exercise its jurisdiction over these claims.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's request to proceed in forma pauperis, Doc. [2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiffs' request for appointment of counsel Doc. [3] is **DENIED**.

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good

faith.

Dated this 4th day of December, 2020.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

10